David A. Chami (AZ #027585)
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
E: david@pricelawgroup.com
*Attorney for Plaintiff*
*Matthew Koerner*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Matthew Koerner,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>Santander Bank, N.A.; Equifax Information Services, LLC; Experian Information Solutions, Inc.; and Trans Union, LLC;<br><br>　　　　　Defendants. | **Case No.: 1:20-cv-522**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　1. THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681 et. seq.] |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Matthew Koerner ("Plaintiff"), through his attorneys, alleges the following against Defendants, Santander Bank, N.A. ("Santander"); Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); and Trans Union, LLC ("Trans Union").

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), which prohibits furnishers from reporting incomplete or inaccurate information.

2. Count II of Plaintiff's Complaint is based upon the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b), which requires credit reporting agencies to assure maximum possible accuracy of the information they report.

3. Count III of Plaintiff's Complaint is based upon the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681i, which prohibits credit reporting agencies from reporting incomplete or inaccurate information after it has been disputed.

## JURISDICTION AND VENUE

4. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district; as such, personal jurisdiction is established.

## PARTIES

6. Plaintiff Matthew Koerner is a consumer and natural person and a citizen of the United States of America who presently resides in Chicago, Illinois.

7. Defendant Santander is a financial institution engaged in the business of giving credit and collecting debt. Santander is also a furnisher of information as defined 15 U.S.C. §§ 1681s-2(a)-(b). Santander's principal place of business is located at 1601 Elm Street, Suite 800, Dallas, Texas 75201.

8. Defendant Equifax is a credit reporting agency, as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the

purpose of furnishing consumer reports, as defined in 15 USC 1681a(d), to third parties. Equifax can be served through its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia, 30309.

9. Defendant Experian is a credit reporting agency, as defined in 15 U.S.C. § 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties. Experian's principal place of business is located at 475 Anton Boulevard, Costa Mesa, California 92626.

10. Defendant Trans Union is a credit reporting agency, as defined in 15 U.S.C. § 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties. Trans Union's principal place of business is located at 555 W. Adams Street, Chicago, Illinois 60661.

11. On information and belief, Equifax, Experian, and Trans Union disburse consumer reports to third parties under contract for monetary compensation.

12. At all relevant times, all Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. Plaintiff owned a vehicle that he was financing through Defendant Santander.

14. On or about August 7, 2015, Plaintiff was involved in a car accident whereby he was hit by another driver who ran a stop sign; Plaintiff was determined not to be at fault.

15. The at-fault driver's insurance company, non-party State Farm Insurance ("State Farm"), was responsible for resolving cost issues resulting from the accident.

16. Plaintiff's car was deemed by State Farm as a "total loss."

17. On or about August 17, 2015, Santander sent State Farm a pay-off estimate for Plaintiff's vehicle, which stated that the total amount owed was $8,328.45 and that if payment was not received by August 31, 2015 to add $4.94 per day until payment was received. The letter also stated that "[t]itle will not be released until the amount is paid in full."

18. On or about early October 2015, State Farm sent Plaintiff a copy of its October 6, 2015 letter to Santander along with a copy of a check dated October 6, 2015 by State Farm to Santander for payment in the amount of $8,328.45.

19. State Farm's October 6, 2015 letter to Santander stated: "Enclosed is our draft in the amount of $8,328.45 with a signed authorization for pay off and an authorization to forward the certificate of ownership directly to us. The draft and other documents fully satisfy your security interest and require you to transfer the certificate of ownership to us. Please forward the certificate of ownership within fifteen business days as required by California Vehicle Code Section 5753 to the address indicated below."

20. Upon information and belief, thereafter Santander transferred title of the vehicle to State Farm.

21. Around that time, Plaintiff received a refund from Santander of around $270.

22. Plaintiff thereafter contacted Santander to inquire about the refund and to ensure that his totaled vehicle had been paid off, and Santander confirmed to Plaintiff the Santander account ("Account") balance was zero.

23. Plaintiff never received further communication on this matter from Santander or from State Farm and believed the matter resolved.

24. In early 2019, Plaintiff checked his consumer credit report and discovered that Santander was reporting a $212 balance on the Account, with a payment status of "Collection/Charge Off," despite the fact that Santander had told Plaintiff the balance was $0.

25. On or about April 1, 2019, Plaintiff mailed letters to Defendants Equifax, Experian, and Trans Union disputing the balance on the Santander Account.

26. On or about May 8, 2019, Plaintiff mailed a dispute letter directly to Santander disputing the balance of the Santander Account.

27. In the dispute letters, Plaintiff explained that after his car accident, insurance had covered his total loss and that Santander even refunded him over $200. Plaintiff also stated that he called Santander after the payoff and Santander confirmed there was a $0 balance.

28. On or about May 7, 2019, Experian responded to Plaintiff's dispute by reporting the Santander Account as "Charged off" and owing $212, with a $212 past due.

29. On or about June 28, 2019, Trans Union responded to Plaintiff's dispute by reporting the Santander Account as "Charged off" and owing $212, with a $212 past due.

30. On or about July 1, 2019, Equifax responded to Plaintiff's dispute by reporting the Santander Account as "Charged off" and owing $212, with a $212 past due.

31. If there was a balance owed on this vehicle, it is unclear why Santander would have told Plaintiff that the balance was $0 after the State Farm insurance payout in 2015.

32. On or about October 11, 2019, Plaintiff mailed certified letters to Defendants Equifax, Experian, and Trans Union disputing the inaccurate balance on the Santander Account.

33. In his dispute letter, Plaintiff again informed Defendants that he was involved in a total-loss accident in 2015, that State Farm had paid off the owed amount, and that any additional balance due was a matter between Santander and State Farm in which Plaintiff was not involved (nor was he allowed to be involved).

34. The certified receipt indicates Defendant Trans Union received Plaintiff's dispute letter on October 28, 2019.

35. The certified receipt indicates Defendant Equifax received Plaintiff's dispute letter on October 28, 2019.

36. The certified receipt indicates Defendant Experian received Plaintiff's dispute letter on October 28, 2019.

37. Upon information and belief, Defendant Equifax forwarded Plaintiff's dispute to Defendant Santander.

38. Upon information and belief, Defendant Experian forwarded Plaintiff's dispute to Defendant Santander.

39. Upon information and belief, Defendant Trans Union forwarded Plaintiff's dispute to Defendant Santander.

40. Upon information and belief, Defendant Equifax never responded to Plaintiff's October dispute letter.

41. Upon information and belief, Defendant Experian never responded to Plaintiff's October dispute letter.

42. Upon information and belief, Defendant Trans Union never responded to Plaintiff's October dispute letter.

43. Upon information and belief, Defendant Santander never responded to Plaintiff's October dispute letter and has never explained the basis of the alleged $212 past due amount.

44. On or about December 19, 2019, Plaintiff again obtained his consumer credit reports.

45. On the December 19, 2019 report, Experian was reporting the Santander Account as "Charged off" and owing $212, with a $212 past due. Experian also continues to update the payment history as Charged off every month.

46. Equifax was reporting the Santander Account as "Charged off" and owing $212, with a $212 past due. Equifax also continues to update the payment history as Charged off every month (with the exception of April 2019 where it indicates a payment was made although one was not made). Equifax did not report the Account as "disputed."

47. Trans Union was reporting the Santander Account as "Charged off" and owing $212, with a $212 past due. Experian also continues to update the payment history as Charged off every month. Trans Union did not report the Account as "disputed."

48. Due to the reporting by Defendants, Plaintiff has been unable to better his credit and has had difficulty obtaining credit at favorable rates.

49. Since April 2019, Plaintiff has been denied for credit several times and has received unfavorable interest rates.

50. Defendants have also affected Plaintiff's ability to rent or lease a place to live; Plaintiff has experienced increased deposit requirements, difficult lease terms, and the need for cosigners.

51. This has caused Plaintiff great stress, anxiety, embarrassment, emotional distress, and sleeplessness.

## COUNT I

### Defendants Santander
### (Violations of the FCRA, 15 U.S.C. § 1681s-2(b))

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The FCRA requires a furnisher, such as Santander, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or

inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

54. An item on a credit report "can be 'incomplete or inaccurate' . . . because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." Carvalho v. Equifax Info. Servs., 629 F.3d 876, 890 (9th Cir. 2010) (quoting Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009)); see also Saunders v. Branch Banking & Trust Co., 526 F.3d 142, (4th Cir. 2008) ("Courts have held that a credit report is not accurate under FCRA if it provides information in such a manner as to create a materially misleading impression.") (emphasis added). Thus, a credit report that "contains technically accurate information may be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression." Id. at 148.

55. Defendant Santander's told Plaintiff that he owed nothing after pay-off, therefore, its reporting of a Charge-off balance against Plaintiff is inaccurate and materially misleading.

56. Defendant Santander failed to conduct a reasonable investigation following receipt of disputes from Equifax, Experian, and Trans Union, under 15 U.S.C. § 1681s-2(a)(2)(B).

57. Defendant Santander has willfully provided inaccurate and materially misleading information to Defendants Equifax, Experian, and Trans Union, despite 15 U.S.C. § 1681c(a).

58. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious damage and harm including the loss of opportunities to obtain credit or better credit conditions, emotional distress, and mental anguish.

59. Defendant Santander is liable under sections 1681n and 1681o of the FCRA by engaging in the following conduct that violations 15 U.S.C. § 1681s-2(b):

   (a) Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   (b) Willfully and negligently failing to review all relevant information;

   (c) Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

   (d) Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   (e) Willfully and negligently failing to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

   (f) Willfully and negligently failing to report the Account to Equifax and Trans Union as "disputed."

   (g) Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to the credit reporting agencies; and

(h) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

60. Defendant Santander is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as other such relief permitted by 15 U.S.C. §§ 1681n & 1681o.

## COUNT II

### Defendants Equifax, Experian, and Trans Union
### (Violations of the FCRA, 15 U.S.C. § 1681e(b))

61. Plaintiff incorporates by reference paragraphs one (1) through fifty-one (51) of this Complaint as though fully stated herein.

62. The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

63. Defendants Equifax, Experian, and Trans Union failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

64. As a result of the above-described violations of § 1681e(b), Plaintiff has sustained damages including the loss of credit opportunities and favorable credit terms, emotional distress, humiliation, and mental anguish.

65. Defendants Equifax, Experian, and Trans Union are liable under sections 1681n and 1681o of the FCRA by engaging in conduct that violates 15 U.S.C. § 1681e(b).

66. Defendants' violations of the 15 U.S.C. § 1681e(b) were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## COUNT III

### Defendants Equifax, Experian, and Trans Union
### (Violations of the FCRA, 15 U.S.C. § 1681i)

67. Plaintiff incorporates by reference paragraphs one (1) through fifty-one (51) of this Complaint as though fully stated herein.

68. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

69. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

70. Since Plaintiff's discovery of the inaccurate Accounts until the present, Defendants Equifax, Experian, and Trans Union have reported inaccurate information on Plaintiff's credit report.

71. Defendants Equifax, Experian, and Trans Union failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed, in violation of 15 U.S.C. § 1681i.

72. Defendants Equifax, Experian, and Trans Union failed to review and consider all relevant information submitted by Plaintiff.

73. Defendants Equifax, Experian, and Trans Union are liable under sections 1681n and 1681o of the FCRA by engaging in conduct that violates 15 U.S.C. § 1681i.

74. Defendants' violations of the 15 U.S.C. § 1681i were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendants for the following:

    A. Declaratory judgment that Defendant violated the FCRA;

    B. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

    C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

    D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2)

    F. Any pre-judgment and post judgment interest as may be allowed under the law; and

    G. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

DATED: January 22, 2020

*/s/David A. Chami*
David A. Chami (AZ #027585)
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
E: david@pricelawgroup.com
*Attorney for Plaintiff*
*Matthew Koerner*